JUSTICE COTTER
specially concurs and dissents1.
¶36 I concur with the Court’s conclusion that a district court’s authority to impose sentences in criminal cases is defined and constrained by statute, and I agree with the Court’s conclusion that there was no victim of the crimes for which Horton was convicted and to whom Horton could be ordered to pay restitution over objection. However, I dissent from the Court’s order striking the provision in Paragraph I(M) in the Court’s Judgment and Order of Sentence.
¶37 The majority correctly concludes that a plea agreement is a contract which is subject to a contract law analysis. Under contract *251 law, one party relinquishes a right or receives a benefit in reliance upon the promises of the other party. Here, as the State-points out, a plea agreement was negotiated whereby Horton was relieved of a conviction of felony nonsupport-which under the circumstances of this case was inevitable-in exchange for his agreement to pay child support. The State’s forbearance was given in exchange for the defendant’s agreement to pay back support prior to the end of his probationary term. That requirement of the plea agreement has now been stricken. Thus, the quid pro quo of the plea agreement has been undone by this Court’s decision.
¶38 If we proceed in subsequent cases as we have here, at some point after the plea agreement is signed and sealed, we will strike what we deem to be the offending condition upon complaint by the defendant, leaving the balance of the agreement in place. In so doing, we will leave prosecutors without the benefit of their bargain, and without the opportunity to undo the bargain the benefit of which has been stripped away. Prosecutors will conclude, and understandably so, that it is not in the State’s best interests to negotiate a global resolution of multiple pending charges in one plea agreement, because, even if the defendant agrees to the deal, he can have it undone, to his sole benefit, after sentencing. Such a fundamental change in the way of doing business will disadvantage both the State and the defendant. It will result in fewer plea agreements, more litigation, and increased congestion in the courts, not to mention a flood of appeals arising from past pleas, wherein the defendant agreed to a condition unrelated to the charge of which he was convicted, as part of what was, until now, considered a valid and enforceable plea agreement.
¶39 As stated above, I do not dispute the underlying legal conclusions reached here. However, because I see value in the continuing use of global plea agreements that are bargained for equally, and because I think the State is entitled to the benefit of its bargain, I would hold that, in the event a defendant seeks to vacate a central provision of a plea agreement on the grounds that the court was without authority to impose a condition unrelated to the offense to which the defendant ultimately pled guilty, then the district court should in turn give the State the option to either accept the plea agreement as revised, or rescind the agreement under § 28-2-1711, MCA, and § 28-2-1714, MCA, for failure of consideration. If the State elects to rescind, the parties would then be returned to their pre-plea agreement positions, with the defendant withdrawing his plea of guilty and the previously dismissed charges being reinstated by the State. Thereafter, the parties could either negotiate a new plea agreement or proceed to trial.
*252 ¶40 Applying principles of contract law, we recently held that a non-breaching defendant party to a plea agreement, when confronted with the breach of a condition of the plea agreement by the State, should have the right to choose from the available remedies of rescission of the plea agreement or specific performance. State v. Munoz, 2001 MT 85, ¶¶ 16-19, 305 Mont. 139, ¶¶ 16-19, 23 P.3d 922. I see no reason why the State should be afforded less latitude when the defendant seeks to invalidate a material term of a negotiated plea agreement, resulting in a similar failure of consideration.
JUSTICE LEAPHART joins in the foregoing special concurrence and dissent.